IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-140-BO-1
NO. 7:14-CV-240-BO

| | |
|---|---|
| DAYVON BRYAN RILEY,<br>Petitioner, | )<br>)<br>) |
| v. | )      O R D E R |
| | ) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 248] and the government's motion to dismiss [DE 253]. The matters are fully briefed and ripe for adjudication. For the following reasons, the government's motion to dismiss is granted, petitioner's § 2255 petition is dismissed, and a certificate of appealability is granted.

## BACKGROUND

Pursuant to a written plea agreement, petitioner pled guilty on June 4, 2013, to four counts: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1029(a)(2) (Count Three); access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1029(a)(5) (Count Four); and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1) (Count Six). [DE 127]. On October 16, 2013, Riley was sentenced to 132 months' imprisonment on Counts One and Four, 120 months' imprisonment on Count Three, with the terms to run concurrently, and 24 months' imprisonment on Count Six, with that term to run consecutively with the other counts. [DE 148]. Petitioner also received a total of five

years of supervised release. *Id.* Finally, petitioner received a special assessment of $400.00 and restitution in the amount of $153,084.21, joint and several with his co-defendants. *Id.* Petitioner and two co-defendants appealed, and their appeals were consolidated. The Fourth Circuit affirmed in part and dismissed in part in an unpublished opinion issued on August 6, 2014. [DE 182].

On October 17, 2014, petitioner filed a motion under 28 U.S.C. § 2255. [DE 194]. On November 6, 2014, petitioner filed an amended motion. [DE 199]. After the government moved to dismiss petitioner's motion [DE 204, 205], petitioner's counsel moved to withdraw, and petitioner moved to file an amended § 2255 motion [DE 220, 221]. On March 26, 2015, the Court granted counsel's motion to withdraw and petitioner's motion to file an amended § 2255 motion. [DE 223].

On November 9, 2015, petitioner filed the instant amended § 2255 motion. [DE 248]. In it, he alleges several claims of ineffective assistance of counsel as well as violations of Rule 11 of the Federal Rules of Criminal Procedure. [DE 248-1]. Petitioner alleges the following claims in support of his motion to vacate his sentence: (1) that counsel was ineffective for failing to explain the nature of supervised release and for failing to "explain the factual basis for the plea as it related to the Aggravated Identity Theft and Aiding and Abetting charge" [DE 248-1 at 2–4]; (2) ineffective assistance of counsel in failing to challenge the aggravated identity theft charge [DE 248-1 at 4–6]; (3) ineffective assistance of counsel in failing to effectively challenge guideline enhancements based on role in the offense [DE 248-1 at 6–9]; and (4) finally that his plea violated Rule 11 of the Federal Rules of Criminal Procedure [DE 248-1 at 11–13]. In response, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 253].

2

Petitioner responded to the government's motion to dismiss and moved to amend his § 2255 motion. [DE 261]. In moving to amend, petitioner sought to allege additional facts to show (1) that counsel and the Court incorrectly advised petitioner of the statutory maximum penalty applicable to the wire fraud conspiracy, and arguing that but for that misinformation petitioner would not have entered a plea of guilty to that count [DE 261 at 4], and (2) that the Court improperly enhanced petitioner's sentence under U.S.S.G. § 281.1 (b)(11) given the conviction for aggravated identity theft, and arguing that counsel rendered ineffective assistance when he failed to object to or appeal from the alleged misapplication of the Guidelines [DE 261 at 5].

On August 25, 2016, the Court appointed an attorney to assist petitioner and further develop petitioner's theory as to claim 2 of the instant amended § 2255 motion. [DE 266]. Appointed counsel for petitioner thereafter filed a response on October 16, arguing that petitioner's second claim is cognizable as one of actual innocence as to Count Six of the indictment since it posits that the government did not proffer evidence that it could prove a key element of the offense. [DE 270]. The government replied to this response and disputed that petitioner is able to allege a claim of actual innocence as to Count Six. [DE 271].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Petitioner brings several claims alleging that he was denied his Sixth Amendment right to effective assistance of counsel. In order to demonstrate that the assistance of counsel fell below the level of effectiveness guaranteed by the Sixth Amendment, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Strickland*, 466 U.S. at 697. To prevail under the prejudice prong of *Strickland* when challenging a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner first claims counsel was ineffective by insufficiently explaining the nature of supervised release and did not adequately explain the basis of the aggravated identity theft

4

charge in Count Six. [DE 248-1 at 2]. Petitioner also appears to allege that counsel was ineffective for incorrectly advising petitioner of the statutory maximum penalty applicable to the wire fraud conspiracy. [DE 261 at 4]. However, petitioner's signature on the memorandum of his plea agreement, as well as his testimony at arraignment, belie both of these notions. First, each count listed in the memorandum of petitioner's plea agreement includes the elements of the offense and their maximum terms of imprisonment, as well as the maximum term of supervised release associated with each count along with the maximum term of imprisonment upon revocation of supervised release. [DE 127]. At the end of this document is petitioner's signature. *Id.* Moreover, at petitioner's arraignment the Court again explained the possible terms of punishment and supervised release associated with each charge, and petitioner stated that he understood the charges and punishments he faced, and that he had read over the plea agreement, discussed it with his lawyer, understood it, and had no questions about it. [DE 175]. Petitioner stated, under oath, that he had enough time to meet with counsel and was satisfied with counsel's performance. [DE 175 at 2–3]. The Court considers these facts in light of Fourth Circuit precedent stating, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the Court cannot find that petitioner's counsel was ineffective in explaining the nature of supervised release, the basis of the aggravated identity theft charge in Count Six, or the statutory maximum penalty applicable to the wire fraud conspiracy, as petitioner demonstrated on multiple occasions that he knew and understood the possible punishments he faced and the terms of punishment associated with each charge. As there is no deficient performance, this claim of ineffective assistance fails.

Petitioner second claim alleges actual innocence of Count Six of the indictment and ineffective assistance of counsel for failing to object to the insufficiency of evidence (or a sufficient factual basis at the Rule 11 hearing) to support a conviction for Count Six. This claim concerns an element of the aggravated identity theft charge under 18 U.S.C. § 1028A(a)(1). The elements of this crime require the government to show that defendant "(1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014) (quoting *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010)). In *Flores-Figuerora v. United States*, 556 U.S. 646, 657 (2009), a unanimous Supreme Court resolved a circuit split arising out of aggravated identity theft prosecutions and held "that § 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification belonged to another person." *Id.* Petitioner's indictment for Count Six tracks these elements of the statute, [DE 1 at 13], but petitioner argues that the counsel was ineffective for failing to object to the insufficient evidence at arraignment, in the pre-sentence report ("PSR"), or at sentencing, showing that petitioner knew that the means of identification of another underlying the charge actually belonged to a real person. Petitioner argues that counsel was deficient for failing to raise this claim and that this failure was prejudicial as the sentence imposed for Count Six under § 1028A carried a mandatory two-year consecutive sentence to any sentence for the underlying offense, in this case access devise fraud under Count 2.

Because it was not advanced on direct appeal, this claim is procedurally defaulted unless petitioner can show cause and prejudice or actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *United States v. Carter et al.*, 581 F. App'x 206 (4th Cir. 2014) (unpublished). The Court

will address both in turn as it appears petitioner has advanced both arguments to excuse this default.

As to cause and prejudice to excuse raising this claim on appeal, the requirements of *Strickland* apply to appellate counsel in a similar manner as they apply to trial counsel. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Additionally, "[e]ffective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit. As a general matter, only when ignored issues are clearly stronger than those presented should we find ineffective assistance for failure to pursue claims on appeal." *United States v. Mason*, 774 F.3d 824, 828-29 (4th Cir. 2014) (internal quotation marks and citations omitted). And, as discussed above, to show prejudice when challenging a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Court finds that petitioner has not met the requirements of *Strickland* to show ineffective assistance of counsel because petitioner's signature on the memorandum of his plea agreement, as well as his testimony at arraignment, belie this notion. Specifically, petitioner affirmed in his plea agreement, with respect to Count Six, that he "knew that the individual whose means of identification he transferred, possessed or used actually existed." [DE 127 at 6]. Petitioner signed this plea agreement, and affirmed it before the Court at his Rule 11 hearing in which petitioner stated, under oath, that he read over the plea agreement, that he discussed the plea agreement with counsel, that counsel explained the agreement to him, that he felt as if he understood it, and that he did not have any questions for the Court about it. [DE 175 at 2, 6–7]. Moreover, petitioner stated, under oath, that he had enough time to meet with counsel and was satisfied with counsel's performance. [DE 175 at 2–3]. As discussed before, the Court considers

these facts in light of Fourth Circuit precedent stating, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221. Accordingly, the Court cannot find that petitioner's counsel was ineffective in in failing to raise a claim of innocence or challenging the sufficiency of the government's evidence as to Count Six because petitioner demonstrated and admitted on multiple occasions that he knew that the means of identification associated with Count Six belonged to a real person or persons. As there is no deficient performance, this claim of ineffective assistance of counsel on appeal fails.

The Court also finds that petitioner cannot establish actual innocence to escape procedural default for failing to raise this claim on direct appeal. Again, petitioner's plea agreement, combined with the statements in his Rule 11 transcript, reflect that petitioner knew that the means of identification referenced in Count Six was that of a real person. While not alleged in the indictment, the plea agreement alleged as the third element of the offense for Count Six that petitioner "knew that the individual whose means of identification he transferred, possessed or used actually existed." [DE 127 at 6]. Additionally, the indictment alleged all of the elements of aggravated identity theft under § 1028A(a)(1), [DE 1 at 13], and petitioner specifically pled guilty to this offense. There is nothing in the record that disputes or undermines this plea admission and shows that petitioner is actually innocent of the crimes alleged in the indictment, including Count Six. The fact that the knowledge requirement was not specifically referenced in petitioner's indictment or during petitioner's Rule 11 hearing does not demonstrate that petitioner is innocent of that crime and neither does it undermine his plea agreement. Therefore, for these reasons, petitioner's second claim in support of his § 2255 motion fails.

The third claim petitioner advanced in his § 2255 motion alleges ineffective assistance of counsel in failing to effectively challenge guideline sentence enhancements based on his role in the offense. [DE 248-1 at 6–9]. Petitioner also appears to raise a claim of ineffective assistance of counsel for counsel's allege ineffective failure to object to or appeal an enhancement of petitioner's sentence under U.S.S.G. § 281.1(b)(11). [DE 261 at 5]. The Court finds that both of these challenges to counsel's performance regarding the imposition of enhancements at sentencing fail the requirements of *Strickland*. Counsel filed several detailed objections to the PSR and argued several of those objections at sentencing, including the role offense enhancement. [DE 133 at 17–18; DE 178 at 4–7]. To the extent petitioner argues that counsel should have pursued a particular strategy or called a particular witness, such a decision is strategic in nature and is entitled to deference under *Strickland*. *See United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (noting that courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance'") (quoting *Strickland*, 466 U.S. at 689). Moreover, petitioner failed to show that, had counsel objected differently or raised different arguments at sentencing, that the outcome of petitioner's sentencing would have been different. Nor has petitioner shown through his allegations that there is a reasonably possibility that counsel's objections to the enhancements would have led to a different outcome. For these reasons, petitioner's third claim fails.

Finally, the Court turns to petitioner's fourth claim raised in his § 2255 motion, which alleges that the Court's entry of his plea violated Rule 11 of the Federal Rules of Criminal Procedure. This claim is barred for several reasons. First, petitioner agreed to waive the right to challenge his conviction or sentence on collateral review, [DE 127 at 1], and the Fourth Circuit applied petitioner's appellate waiver on direct appeal. *United States v. Carter*, 581 F. App'x 206,

9

209 (4th Cir. 2014) (unpublished). Additionally, petitioner failed to raise these Rule 11 issues on direct appeal and thus this claim is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has not alleged facts as to this claim sufficient to escape waiver or default, such as ineffective assistance of counsel, and thus this claim too must fail.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In light of petitioner's allegations of actual innocence as to Count Six of the indictment, and as reasonable jurists would find this Court's dismissal of petitioner's § 2255 motion as to this issue debatable, the Court finds the issue adequate to deserve encouragement to proceed further and will grant a certificate of appealability.

CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 253] is GRANTED and petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 248] is DISMISSED. A certificate of appealability is GRANTED. In light of this and the Court's prior orders, petitioner's first motion to vacate, [DE 194], motion to amend, [DE 199], and the government's first motion to dismiss, [DE 203], are each DENIED AS MOOT.

SO ORDERED, this _17_ day of May, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE