IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-140-BO-1
No. 7:14-CV-240-BO

DAYVON BRYAN RILEY,  )
    Petitioner, )
     )
     )    ORDER
v.     )
     )
UNITED STATES OF AMERICA, )
    Respondent. )
     )

This cause comes before the Court on petitioner's *pro se* motion under Federal Rule of Civil Procedure 60(b). [DE 294]. Petitioner is attempting to revive claims previously raised in his motion under 28 U.S.C. § 2255 [DE 248], which the Court dismissed [DE 273] in May 2017. The government has responded in opposition. [DE 296]. The matter is ripe for disposition. For the reasons discussed below, petitioner's motion [DE 294] is DENIED.

## BACKGROUND

In June 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1029(a)(2) (Count Three); access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1029(a)(5) (Count Four); and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1) (Count Six). [DE 127]. In October 2013, petitioner was sentenced to 132 months' imprisonment on Counts One and Four, 120 months' imprisonment on Count Three, with the terms to run concurrently, and 24 months' imprisonment on Count Six, with that term to run consecutively with the other counts. [DE 148]. Petitioner also received a total of five years of supervised release. *Id.* Petitioner and two

co-defendants appealed, and their appeals were consolidated. The Fourth Circuit affirmed in part and dismissed in part in an unpublished opinion issued on August 6, 2014. [DE 182].

On October 17, 2014, petitioner filed a motion under 28 U.S.C. § 2255. [DE 194]. On November 6, 2014, petitioner filed an amended motion. [DE 199]. After the government moved to dismiss petitioner's motion [DE 204, 205], petitioner's counsel moved to withdraw, and petitioner moved to file an amended Section 2255 motion [DE 220, 221]. On March 26, 2015, the Court granted counsel's motion to withdraw and petitioner's motion to file an amended Section 2255 motion. [DE 223].

In November 2015, petitioner filed another amended Section 2255 motion. [DE 248]. Petitioner raised a number of claims, including two of the three claims he is raising in the instant Rule 60(b) motion. The Court, in a May 2017 order, dismissed each of petitioner's claims but granted a certificate of appealability on petitioner's actual innocence claim. [DE 277]. Petitioner appealed and the Fourth Circuit affirmed. [DE 291].

In August 2018, petitioner filed a Rule 60(b) motion to vacate the Court's May 2017 order. [DE 294]. Petitioner claimed that (1) counsel was ineffective in advising him regarding the statutory maximum term of supervised release on Count One, (2) the Court imposed a term of supervised release on Count One above the statutory maximum term, and (3) the two-level enhancement petitioner received under U.S.S.G. § 2B1.1(b)(11) violated the Double Jeopardy Clause and counsel was ineffective in failing to raise this issue. [DE 294, p. 2]. The government responded in opposition. [DE 296].

DISCUSSION

Federal Rule of Civil Procedure 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(1) mistake,

2

inadvertence, or neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) movant must demonstrate as a threshold matter "the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). A motion under Rule 60(b) must also be timely filed and the opposing party must not be unfairly prejudiced by having the judgment set aside. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation omitted).

Petitioner's Rule 60(b) motion must be denied because petitioner cannot demonstrate a meritorious claim warranting relief from the Court's judgment on his Section 2255 motion. Petitioner argues that the Court, in the order dismissing his Section 2255 motion in May 2017, neglected to "decide whether" a certificate of appealability "should be granted with respect to" any claim other than Claim Two of petitioner's amended motion. [DE 294, p. 1]. Petitioner is incorrect.

In the May 2017 order, the Court dismissed each of the claims petitioner raised in his Section 2255 motion, but specifically granted a certificate of appealability on his actual innocence claim. On all of his remaining claims, no certificate of appealability was issued. Certificates of appealability do not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). No reasonable jurist would have found petitioner's remaining claims debatable.

Each of petitioner's first two claims were addressed and rejected by the Court in its May 2017 order. The Court concluded that petitioner could not state an ineffective assistance of counsel claim upon which relief could be granted for counsel's allegedly deficient advice regarding the statutory maximum for Count One. [DE 277, p. 5]. The Court further concluded that the petitioner could not state an actionable ineffective assistance of counsel claim for counsel's failure to challenge a sentencing enhancement under U.S.S.G. § 2B1.1(b)(11). [DE 277, p. 9]. Additionally, petitioner cannot state a cognizable challenge to his advisory guideline range on collateral review. *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015).

Nothing in petitioner's Rule 60(b) motion supports setting aside the Court's May 2017 order. In that order, the Court declined to issue certificates of appealability as to each of petitioners Section 2255 claims except his actual innocence claim, and again declines to issue such certificates here. Petitioner has failed to establish that relief is merited under Rule 60(b), as each of petitioner's three claims has been previously dealt with or cannot be stated on collateral review. Thus, petitioner's Rule 60(b) motion is denied.

## CONCLUSION

For the above reasons, petitioner's motion to vacate the Court's May 2017 order [DE 294] is DENIED.

SO ORDERED, this __7__ day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4